IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LINNARD DALE WILSON                                                                         PLAINTIFF

VS.                                                                   CIVIL ACTION NO. 3:14cv510-FKB

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY                                                  DEFENDANT

## OPINION AND ORDER

This is an action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration. Plaintiff has filed a memorandum in support of his appeal, and the Commissioner has filed a motion to affirm and a supporting memorandum. Having considered the memoranda of the parties and the administrative record, the Court concludes that this matter should be remanded to the Commissioner for further consideration of whether Plaintiff's past work experience as a mechanic qualifies as past relevant work and, if so, whether he acquired transferable skills from that work.

## I. Procedural History and Administrative Record

Linnard Dale Wilson filed an application for supplemental security income on August 15, 2011, alleging a disability onset date of August 15, 2010. His application was denied both initially and on reconsideration, and he requested and was granted a hearing before an administrative law judge (ALJ). The ALJ issued a hearing decision on April 24, 2013, finding that Wilson was not disabled. The Appeals Council denied review, thereby making the decision of the ALJ the final decision of the Commissioner. Plaintiff then brought this appeal pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff was 60 years old at the time of his hearing. He has a GED, and he testified that his past work has been as a mechanic on automobiles, large trucks, and buses. At the hearing, a vocational expert (VE) identified Wilson's past work as mechanic, DOT #620.261-010. The VE testified that as normally performed, this job has an exertional level of medium but that the level at which Wilson had performed the job was heavy. According to the VE, the job of mechanic has a Specific Vocational Preparation (SVP) rating of seven, which is skilled work. The ALJ posed a hypothetical to the VE asking him to consider a person with Wilson's work history who could perform only light work. The VE testified that such a person could not perform the job of mechanic, but that he would have skills that would transfer to the light jobs of exhaust emission automobile technician, tune-up mechanic, and gas welding equipment mechanic.

In his opinion, the ALJ worked through the familiar sequential evaluation process for determining disability.[1]  He determined that Wilson has the severe impairments of hypertension and status post fracture of the foot and heel.  R. 20, [12] at 23.  At step three of the evaluation, he concluded that Wilson's impairments do not meet or medically equal the criteria of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the listings).  R. 21, [12] at 24.  In assessing Wilson's residual functional capacity (RFC), the ALJ concluded that Wilson can perform the full range of light work.  *Id.*   The ALJ found at step four that Wilson has past relevant work as a mechanic and that his RFC precludes that work.  R. 22, [12] at 25.  At step five, the ALJ, relying upon the testimony of the VE,

---

[1]In evaluating a disability claim, the ALJ is to engage in a five-step sequential process, making the following determinations:

(1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);

(2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);

(3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);

(4) whether the impairment prevents the claimant from doing past relevant work (if not, the claimant is found to be not disabled); and

(5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).

*See* 20 C.F.R. §§ 404.1520 and 416.920.  The analysis ends at the point at which a finding of disability or non-disability is required.  The burden to prove disability rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

found that Wilson acquired transferable skills from his work as a mechanic and that he can perform the alternative skilled jobs of automobile exhaust technician, tune-up mechanic, and gas welding equipment manager. R. 23-24, [12] at 25-26. He therefore found that Wilson is not disabled. R. 24, [12] at 26.

## II.  Analysis

In his appeal, Wilson focuses on the ALJ's step-five determination that Wilson acquired transferable skills from his work as a mechanic.  This finding is crucial to the finding of non-disability:  Under the grids, a finding of disability is mandated for a person of Wilson's age, education, and RFC if he has no transferable skills.  *See* Rule 202.06 of the Medical Vocational Guidelines (the grids),  20 C.F.R. pt. 404, subpt. P., App. 2, Table 2. Wilson's  argument is as follows:  (1) Transferable skills are skills acquired from past relevant work (PRW).  (2) PRW is, by definition, work that was performed within the last 15 years, lasted long enough for the person to have learned to do it, and was performed at a level that constituted substantial gainful activity (SGA). *Copeland v. Colvin*, 771 F.3d 920, 924  (5th Cir. 2014) (citing SSR 82-61, 1982 WL 31387; 20 C.F.R. §§ 404.1565(a), 416.965(a)).  (3) The job of mechanic has an SVP level of seven, meaning that it takes over two years and up to four years to learn to do it.  *See Dictionary of Occupational Titles*, App. C: Components of the Definition Trailer (rev. 4th ed. 1991), *available at* http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTAPPC.HTM.[2]  (4)  Wilson performed the job of mechanic during the past 15 years at an SGA level for, at the most,

---

[2]This section of the DOT states that an SVP 7 job is one that takes the average worker "over 2 years up to and including 4 years" to learn sufficiently for average performance in the job.  *Id.*

18 months. (5) Because Wilson performed the job of mechanic at an SGA level for less than two years, it does not qualify as PRW. (6) Because this work does not qualify as PRW, Wilson could not, as a matter of law, have acquired from it any transferable skills. Each of Wilson's premises and conclusions are examined in turn.

*Transferable Skills and Past Relevant Work.* Wilson's contention that the existence of transferable skills is to be determined by looking only to PRW experience finds support in SSR 82-41, 1982 WL 31389, which explains the concept of transferability of skills. For example, the ruling states that transferability of skills is an issue when an individual's impairment, though severe, does not meet or equal a listed impairment but prevents the performance of past relevant work and "that work has been determined to be skilled or semiskilled." 1982 WL 31389 at *1. The ruling then refers to the definition of PRW set out in the regulations. It also uses the term PRW throughout the ruling when referring to the past work that is the basis for evaluation of transferability of skills. Moreover, it is obvious from the term that it refers to work that is in fact relevant to the disability determination.[3] In sum, the Court agrees with Wilson that only PRW should be considered when determining whether a claimant has acquired transferable skills.

*Past Relevant Work and the Substantial Gainful Activity Requirement.* Those things that make past work relevant are set forth in the definition of PRW: It is work that was performed within the last 15 years, that lasted long enough for the claimant to have

---

[3]Thus in the section of the Program Operations Manual System (POMS) discussing the assessment of transferability of skills, adjudicators are directed to "[o]nly consider skills demonstrated in PRW." POMS DI 25015.017, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0425015017.

learned to do it, and that was substantial gainful activity (SGA). *Copeland*, 771 F.3d at 924 (citing SSR 82-61, 1982 WL 31387; 20 C.F.R. §§ 404.1565(a), 416.965(a)). "Substantial" means that the work involves "significant physical or mental activities." 20 C.F.R. § 404.1572; *see also* 20 C.F.R. § 404.1510. "Gainful" means that the work is done for pay or profit. *Id.*

While several factors may be used to decide whether work is SGA, the primary consideration is earnings. 20 C.F.R. § 416.974(a)(1). The Commissioner has established guidelines indicating the monthly earnings amounts that will ordinarily constitute SGA. *See* 20 C.F.R. § 416.974(b)(2). The following table sets out Wilson's earnings as a mechanic during the 15 years prior to his application and the ALJ's decision as compared with the threshold earning requirements of the regulations:

| Year | Amount earned | Annual Amount Earned Expressed as a Monthly Average | SGA Threshold (monthly average) |
| --- | --- | --- | --- |
| 1999 | $7,860 | $655 | $500 through June; $700 from July |
| 2000 | $16,368.75 | $1364.06 | $700 |
| 2001 | $0 | | |
| 2002 | $0 | | |
| 2003 | $0 | | |
| 2004 | $3,800 | $316.67 | $810 |
| 2005 | $0 | | |
| 2006 | $0 | | |
| 2007 | $0 | | |
| 2008 | $0 | | |
| 2009 | $0 | | |
| 2010 | $7,293 | $607.75 | $1000 |
| 2011 | $0 | | |

| 2012 | $0 | | |

Thus, it appears that the only times in which Wilson's earnings reached the threshold amount were 2000 and possibly the first half of 1999 - no more than 18 months during the 15 years at issue.

In *Copeland*, the Fifth Circuit held that where a claimant's earnings fall below the guidelines, a rebuttable presumption arises that the claimant was not engaged in SGA. 771 F.3d at 927.   Wilson argues that under *Copeland,* Wilson's earnings figures create a rebuttable presumption that he had SGA-level employment for no more than 18 months during the 15-year period prior to his alleged onset date. The Court agrees that *Copeland* supports this presumption.  However, the effect of that presumption in the present case is not obvious.  Wilson's position is that the presumption is unrebutted and that it requires the adjudicator to consider only these 18 months in evaluating how much time he spent doing the job of mechanic.  He argues that because the job of mechanic has an SVP of seven, and is therefore by definition one which requires more than two years to learn, his time spent as a mechanic cannot, as a matter of law, be PRW.  Wilson contends that this entitles him to a reversal and award of benefits.

This is, in the Court's view, an overly mechanical analysis and is not required by *Copeland*.  The issue in Copeland was whether or not the claimant's work as a whole within the past 15 years met the requirements of PRW for purposes of step four of the sequential analysis.    The court concluded that the claimant's low earnings led to a rebuttable presumption that her job was never performed at the SGA level and was not

7

PRW, and the court remanded for consideration of this issue by the ALJ. Nothing in the opinion demands the parsing out of specific time periods as either "PRW eligible" or "non-PRW eligible," as Wilson's argument requires.

Rather, a more meaningful approach to determining whether prior work meets the requirements of PRW is to consider *together* (1) the type and amount of a claimant's work during the 15-year period, (2) the time required to learn the job or jobs at issue, and (3) the extent to which the work was performed at SGA levels. Using this analysis in the present case leads to serious doubt as to whether Wilson's experience as a mechanic qualifies as PRW: It appears from Wilson's earnings records that he met the SGA thresholds only occasionally during the past 15 years, and it is unclear whether his work time, even if all periods were added together, would have been sufficient to provide him with the transferable skills assumed by the VE.[4]

The ALJ never addressed these issues in his opinion. For this reason, the Court concludes the ALJ's assumption that Wilson has prior relevant work experience as a mechanic is not supported by substantial evidence. This matter is hereby remanded to the Commissioner for consideration of whether Wilson's work as a mechanic meets the requirements of PRW and, if so, whether he acquired transferable skills from that work.

---

[4]This is especially so given his age and the fact that much of his experience appears to have been acquired at a remote period in time, near the beginning of the 15-year window.

A separate judgment will be entered.

So ordered, this the 3rd day of December, 2015.

            <u>/s/ F. Keith Ball     </u>
            UNITED STATES MAGISTRATE JUDGE